OPINION
Appellant, Veronica Young (aka Linda Williams), appeals from a decision and entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, overruling her objections to the magistrate's decision and granting the permanent custody motion of appellee, Franklin County Children Services ("FCCS").
FCCS filed a complaint on November 13, 1997, alleging that appellant's minor children, Antoinette (born January 23, 1988) and Faith Young (born January 16, 1990), were dependent minors based on appellant's incarceration and the unknown identity and whereabouts of the fathers. On January 5, 1999, the magistrate held a hearing on the complaint. Subsequently, the magistrate issued a decision, which was adopted by the trial court on January 27, 1999, adjudicating the children as dependent minors and granting FCCS temporary custody. The magistrate issued a decision adopting the case plan prepared by FCCS on February 3, 1998. FCCS first filed a motion for permanent custody, pursuant to R.C. 2151.413, on October 30, 1998, and filed identical motions again on November 24, 1998, and on December 31, 1998.
The magistrate held hearings on the permanent custody motion on October 1, 7, and 13, 1999, and appellant was transported from the Ohio Reformatory for Women to testify. On October 13, 1999, the guardian adlitem filed a report recommending that the motion for permanent custody be granted. The magistrate filed a decision, which was adopted by the trial court on October 18, 1999, granting the motion for permanent custody. The magistrate found that FCCS proved by clear and convincing evidence that, under R.C. 2151.414(E)(8), appellant's repeated incarcerations prevented her from providing care for the children and that they cannot be placed with appellant within a reasonable time given her expected release date. Additionally, the magistrate found that granting the permanent custody motion was in the best interest of the children. Appellant filed timely objections to the magistrate's decision on November 1, 1999, but the trial court overruled the objections in a decision filed February 15, 2000. Appellant's counsel filed a timely notice of appeal (case number 00APF03-299) on March 15, 2000, and appellant filed a timely notice of appeal (case number 00APF03-307) on March 17, 2000. This court consolidated the cases for oral argument.
On appeal, appellant asserts one assignment of error:
 The court erroneously sustained the motion of Franklin County Children Services seeking permanent custody of appellant's children, terminating parental rights and permitting the children to be placed for adoption.
Appellant is the mother of seven children, with only Antoinette and Faith being the subject of this appeal. Neither of the children's fathers have contacted or supported the children, nor did they participate in the proceedings before the trial court or this appeal. Appellant acknowledged in her testimony a history of FCCS involvement with her family since 1974. According to FCCS caseworker Jodie DeVore, Antoinette and Faith were first removed from appellant's care in 1990, due to appellant's drug problems. Appellant acknowledged her prior drug habit but asserted that she has been drug-free since she was arrested in 1990. Appellant was incarcerated from 1991 to 1993 in the federal prison in Louisville, Kentucky. During this first incarceration, the children were placed with family friend, Betsy Bates.
Appellant was released from federal prison in September 1993, and she worked with FCCS on a case plan to regain custody of her children. Appellant regained custody of Antoinette and Faith on October 31, 1995, and they lived with her for approximately eight months until she was incarcerated again in June 1996. Upon appellant's second imprisonment, she left the children in the care of her mother and then her adult son, Van Williams. FCCS was not aware of appellant's second incarceration until she contacted the agency in February 1997, out of concern that Van was unable to care for Antoinette and Faith. FCCS investigated the home situation, but they did not become involved at the time appellant called. However, subsequently, after an accusation of physical abuse, FCCS was granted temporary custody of the minor children on November 4, 1997. The goal of the case plan initially was reunification with Van, but he expressed to FCCS that he was not interested in taking the minor children back into his care. Although FCCS explored placement with a relative or a family friend, Antoinette and Faith were placed in a foster home.
DeVore testified that she has communicated with appellant and kept her updated regarding the minor children. Appellant has not physically seen Antoinette and Faith since 1998. FCCS left the decision of visitation with appellant up to the children's therapist, who apparently decided not to allow them to visit appellant in prison. Appellant sends the children letters and gifts through their therapist. Appellant was still imprisoned at the time of the hearings before the magistrate and before the trial court on objections. Her scheduled release date was August 2000, but her earliest possible release date was June 2000. Appellant testified that she was pursuing arrangements for the children to live with her in Dayton in a recovery home after her release from prison. DeVore testified that the foster mother of the children has expressed an interest in adopting them.
In appellant's single assignment of error, she argues that the trial court erroneously sustained FCCS's motion for permanent custody, thereby terminating her parental rights and allowing the children to be placed for adoption. We disagree.
Under the version of R.C. 2151.414(B), in effect when the permanent custody motion was filed, FCCS was required to prove by clear and convincing evidence that the children could not be placed with appellant within a reasonable time or should not be placed with her, and that it was in their best interest to grant the permanent custody motion. In reCampbell (2000), 138 Ohio App.3d 786, 790. Clear and convincing evidence has been defined as evidence that produces in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368. The juvenile court, sitting as the trier of fact, must weigh the evidence and assess the credibility of witnesses. Campbell, at 790. When the requisite degree of proof of a factor is proof by clear and convincing evidence, the reviewing court must examine the record to determine if sufficient evidence was presented to the trier of fact to satisfy the requisite degree of proof. Id.; In re Patterson (1999),134 Ohio App.3d 119, 123-124.
Here, the trial court found that the children could not be placed with appellant within a reasonable time or should not be placed with her under R.C. 2151.414(E)(8). The version of R.C. 2151.414(E) and (E)(8), in effect at the time of the filing of the motion, provided:
 (E) In determining * * * whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
* * *
 (8) The parent is repeatedly incarcerated and the repeated incarceration prevents the parent from providing care for the child[.]
Thus, if the trial court found by clear and convincing evidence that FCCS established that appellant's repeated incarceration prevented her from parenting the children under R.C. 2151.414(E)(8), then the trial court was required to enter a finding that the children could not be placed with appellant within a reasonable time or should not be placed with her.
Appellant argues that R.C. 2151.414(E)(8) does not apply because appellant's two incarcerations do not qualify as "repeated incarceration"; instead, she asserts that the term refers to the frequency of incarceration rather than the duration of incarceration. FCCS and counsel for the guardian ad litem counter that appellant's argument is contrary to the plain meaning of the word "repeated," and that there is clear and convincing evidence that her two periods of incarceration have prevented her from proving care for Antoinette and Faith.
Although the word "repeated" is not defined in the statute, the plain meaning of the word is merely to occur again. See, e.g., Webster's Ninth New Collegiate Dictionary (1988) 998. Moreover, contrary to appellant's argument, we believe that the focus of R.C. 2151.414(E)(8) is on the effect that multiple incarcerations have on a parent's ability to care for a child, rather than the number of incarcerations per se. This interpretation of R.C. 2151.414(E)(8) does not make it redundant to R.C.2151.414(E)(7), which focuses on a parent's current incarceration and inability to parent for at least eighteen months.
Here, there was clear and convincing evidence that appellant's two incarcerations have prevented her from caring for her children. The testimony indicates that appellant has had custody of Antoinette for only three and one-half years of the eleven years of her life, and custody of Faith for only eight months of the nine years of her life (as of the time of the hearing before the magistrate). During the periods of appellant's incarceration, her children were cared for by various family friends and relatives and later by a foster parent. It was appellant's voluntary choice to engage in criminal behavior and, because of this behavior, she has been unable to parent her children except for a brief period. Therefore, the trial court did not err in finding that the children could not be placed with appellant within a reasonable time or should not be placed with her.
With regard to the best interest of the children, the trial court examined the factors under R.C. 2151.414(D) and found that there was clear and convincing evidence that it was in the best interest of the children to grant the permanent custody motion. Appellant argues that FCCS failed to present clear and convincing evidence that it was in the children's best interest to grant the motion, but FCCS and counsel for the guardian ad litem counter that FCCS met its burden.
Our review of the evidence in the record supports the trial court's finding. Appellant's imprisonment has prevented the children from bonding with her. While appellant has demonstrated an interest in their welfare by sending them letters and gifts, the children do not talk about her unless questioned directly. In appellant's absence, the children were shuffled back and forth to various homes and different caretakers. The children are bonded with each other and their foster family, and their foster mother has expressed an interest in adopting them. While the trial court recognized that appellant has taken classes in prison and demonstrated an interest in rehabilitation, the trial court expressed a concern that the children may again end up in foster care if appellant relapses to criminal activity upon her release. The children expressed a desire to stay in one home, but appellant's plans include moving them to an uncertain future in a recovery home in Dayton. As the trial court found, these children deserve a chance for stability in their lives, and the granting of the motion would facilitate that stability.
Therefore, we conclude that the trial court did not err by overruling appellant's objections and in sustaining FCCS' permanent custody motion. There was sufficient evidence in the record for the trial court to find that FCCS met its burden by clear and convincing evidence. Thus, appellant's single assignment of error is overruled.
Based upon the foregoing reasons, appellant's assignment of error is overruled, and the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
 ____________ KENNEDY, J.
BOWMAN and LAZARUS, JJ., concur.